IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

| | | |
|---|---|---|
| JOY L. BARNES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:11-cv-312 |
| | ) | |
| | ) | |
| DELTA OIL COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiffs, Joy L. Barnes, *et al.*, by counsel, and Defendant, Delta Oil Company ("DOC"), by counsel, and pursuant to Fed. R. Civ. P. 12 and 41, move this Court jointly to approve their agreement to settle all claims in dispute as presented in the Complaint.  In support of their motion, the parties state as follows:

1.    Plaintiffs filed this action on or about May 12, 2011, seeking recovery against DOC for purported violations of the overtime requirements of the FLSA.  DOC, in turn, retained counsel and provided a timely Waiver of the Service of Summons on or about June 20, 2011. This Waiver of the Service of Summons, which Plaintiffs filed on or about June 30, 2011, directed DOC to file and serve its responsive pleadings on or before July 18, 2011.

2.    Next, counsel for the parties engaged in preliminary discussions addressed to the possible settlement of this action.  During these discussions, the parties agreed to exhaust completely the possibility of settlement at the outset of this action, so they could avoid incurring attorney's fees if early resolution was possible.

3.      These discussions notwithstanding, an initial, formal settlement demand did not

issue until shortly following the original deadline for filing responsive pleadings.  Based on this

fact, and on or about July 18, 2011, this Court graciously entered an Order extending the DOC's

deadline for filing responsive pleadings from July 18, 2011, to August 18, 2011.

4.      The parties used this additional time constructively.  In fact, the parties exchanged

two settlement demands and two offers of settlement, and on or about August 12, 2011, two of

the four Plaintiffs agreed in principle to accept the second offer of settlement from DOC.

Because DOC wished to pursue a global settlement while also avoiding incurring additional

attorney's fees associated with the preparation of responsive pleadings, the parties agreed to

pursue a second extension of the deadline for filing responsive pleadings, and on or about August

16, 2011, this Court graciously entered an Order extending the DOC's deadline for filing

responsive pleadings from August 18, 2011, to October 7, 2011.

5.      The parties again used this additional time constructively.  In fact, all parties have

now reached agreement on a global settlement of all claims presented in the Complaint.  This

agreement is reflected in a Settlement Agreement & Release that has been fully executed (and

which will be presented to this Court for in camera review based on the Parties' agreement to

keep the terms confidential).

6.      Although it has not yet filed responsive pleadings, DOC intended to defend this

action on grounds that Plaintiffs could not establish any violation of the overtime pay

requirements of the FLSA.

7.      Because Plaintiffs intended to advance legal argument and introduce evidence

opposing this contemplated defense, the Parties would be committing to an extensive schedule for depositions almost immediately following the filing of responsive pleadings. This discovery would be costly, but essential to both the contemplated summary judgment hearing and any remaining issues for trial.

8.     To avoid the considerable time and expense attendant to (i) the completion of discovery, and (ii) preparation for the contemplated summary judgment hearing and trial, the Parties redoubled their settlement negotiations. Based on these negotiations, the Parties reached the Settlement Agreement & Release to be submitted to this Court for in camera review and approval.

9.     The Parties are very satisfied with the terms of the Settlement Agreement & Release into which they entered, as reflected through their expeditious execution of the Settlement Agreement & Release.

10.     Consistent with the terms of the Settlement Agreement & Release, the Parties now come before this Court to obtain approval of its terms. This approval is necessary given that the Complaint invokes the FLSA to support the pursuit of overtime compensation. Consistent with the terms of the FLSA and interpretative decisions, the parties are required to submit the Settlement Agreement & Release to the Court for approval. See Gormin v. Brown-Forman Corp., 744 F. Supp. 1100, 1101 (M.D. Fla. 1990); Lynn's Ford Stores v. United States, 679 F.2d 1350 (11th Cir. 1982); see also Marine Midland Bank, N.A. v. Kilbane, 739 F.2d 958, 959 (4th Cir. 1984).

11.     The Fourth Circuit has followed the guidelines for approval of an FLSA

settlement set forth by the Eleventh Circuit in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982). <u>See, e.g.,</u> <u>Lomascolo v. Parsons Brinckerhoff, Inc.</u>, No. 1:08cv1310, 2009 U.S. Dist. LEXIS 89129, *2 (E.D. Va. Sept. 28, 2009); <u>Houston v. URS Corp.</u>, No. 1:08cv203, 2009 U.S. Dist. LEXIS 70151, *2 (E.D. Va. Aug. 7, 2009). <u>See also</u> <u>Boone v. City of Suffolk, Va.</u>, 79 F. Supp.2d 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court). In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which may dismiss the matter "after scrutinizing the settlement for fairness." <u>Lynn's Food Stores</u>, 679 F.2d at 1353.

12.    An FLSA claim can be waived or settled in only two instances, <u>Brooklyn Sav. Bank v. O'Neil</u>, 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 216(c); <u>Lynn's Food Stores</u>, 679 F.2d at 1354. In this instance, the parties seek this Court's approval of their Settlement Agreement & Release. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Id.</u> at 1353, 1355. Four factors should be examined to determine whether a proposed settlement is fair and reasonable:

i.     Was the settlement achieved in an adversarial context?

4

ii.    Was the Plaintiff represented by attorneys who can protect his or her
       rights?
iii.   Does the settlement reflect a reasonable compromise over issues that are actually
       in dispute?
iv.    Is the settlement fair?

Id. at 1353-54.

13.    With regard to these factors, it is significant to note the following:  (i) this matter

was settled as a result of the adversarial proceedings and settlement negotiations taking place

between the parties; (ii) the parties settled this matter while this action was pending, and after

extensive back and forth negotiations; (iii) throughout this litigation, Plaintiffs were represented

by counsel who adequately protected their rights; (iv) the settlement reflects reasonable

compromises regarding bona fide disputes between the parties regarding the questions of liability

and the amount of alleged damages under the FLSA; and (v) the parties agree that the settlement

is fair, just, and adequate to settle the claims of the Plaintiffs.

14.    The Court should also take into account the risks inherent in litigation.  "The fact

that a proposed settlement may [not equate to] the potential recovery does not indicate that the

settlement is not fair and reasonable," after taking into account the risks and costs of litigation.

Quintanilla v. A&R Demolition Inc., No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex.

May 7, 2008) (citing City of Detroit v. Grinnell Corp., 495 F.2d 448, 455 (2d Cir. 1974)).

15.    The endorsement of the settlement by counsel for both parties is also a "factor that

weighs in favor of approval." Quintanilla, 2008 U.S. Dist. LEXIS at *15.  In reviewing the

opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the

unique ability to assess the potential risks and rewards of litigation. Id. at *14 (citing San

5

Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiffs' counsel is fully aware of the factual contentions of her clients and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

16.    Consistent with the language in the Settlement Agreement & Release, Plaintiffs represent and agree that the Settlement Payments reflect just, adequate, and complete compensation for all claims of purported overtime giving rise to the Complaint, and reflect compensation for all wages to which Plaintiffs are arguably entitled as a result of their former employment with DOC, such that Plaintiffs represent and agree they are not entitled to any additional compensation of any sort from DOC.

17.    Finally, there is nothing in the FLSA or the interpretive cases that requires the Parties to *file* the Settlement Agreement & Release, so that it becomes a part of the public record. In other words, although the FLSA requires judicial approval of the settlement, it does not call for any greater public access to the dollar amount or the terms than any other case that resolves through settlement. Indeed, Courts approve FLSA settlement agreements after reviewing the terms in camera, or on the basis of counsel's representations regarding the terms. See, e.g., Freyre v. Tin ;Val Hui MID, P.A., No, 08-cv-22810, 2009 WL 89283 at *1 (S.D. Fla. Jan. 13, 2009) (approving confidential FLSA settlement agreement based on (i) representations of parties that agreement provided plaintiff with full recovery and (ii) in camera review of agreement); Goudie v. Cable Commc 'ns, Inc., No. 08-cv-507, 2009 WL 88336 at *1 (D. Or. Jan. 12, 2009) (approving confidential FLSA settlement agreement after reviewing same in camera). Thus,

public disclosure of confidential terms is not required for judicial approval to be granted, and the

Parties therefore request that this Court approve settlement without requiring that the Settlement

Agreement & Release be filed.

WHEREFORE, for the foregoing reasons, Plaintiffs and Delta Oil Company respectfully

move this Court to enter the accompanying Order, thereby approving the terms of the Parties'

Settlement Agreement & Release and dismissing this action with prejudice.

Respectfully submitted,

DELTA OIL COMPANY

Dated:  October 7, 2011

By:_____/S/_____
Vijay K. Mago (VSB No. 40531)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street,
P.O. Box 2499
Richmond, VA 23218-2499
vijay.mago@leclairryan.com
Phone:  (804) 783-7579
Fax:  (804) 783-7531

*Counsel for Delta Oil Company*

JOY L. BARNES, *et al.*

By:_____/S/_____
Joanna L. Suyes (VSB No. 74226)
MARKS & HARRISON
1500 Forest Avenue
Richmond, VA  23229
jsuyes@marksandharrison.com
Phone:  (804) 282-0999
Fax:  (804) 288-1330

*Counsel for Plaintiffs, Joy L. Barnes, et al.*

7

## CERTIFICATE OF SERVICE

Although filed jointly, I hereby certify that on this 7th day of October, 2011, I will

electronically file the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT AND

INCORPORATED MEMORANDUM IN SUPPORT with the Clerk of Court using the CM/ECF

system, which will then send a notification of such filing (NEF) to the party listed below, who

serves as counsel for Plaintiffs:

Joanna L. Suyes, Esquire
J. Allen Schreiber, Esquire
MARKS & HARRISON
1500 Forest Avenue
Richmond, VA  23229
aschreiber@marksandharrison.com
jsuyes@marksandharrison.com
Phone:  804-282-0999
Fax:  804-288-1330

_____/S/_____
Vijay K. Mago (VSB No. 40531)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street,
P.O. Box 2499
Richmond, VA 23218-2499
vijay.mago@leclairryan.com
Phone:  (804) 783-7579
Fax:  (804) 783-7531

*Counsel for Delta Oil Company*